## BRUCE HOLMBOE v. ROBERT COOK AND ANOTHER.

179 N. W. (2d) 276.

August 14, 1970—No. 42064.

*Schermer, Gensler, Schwappach, Borkon & Ramstead* and *Roy A. Schwappach,* for appellant.

*Sahr, Kunert, Tambornino & Soshnik* and *Edward R. Soshnik,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion for a new trial.

On May 15, 1965, at approximately 6:30 p. m. defendant Robert Cook was driving a 10-ton truck, owned by defendant Midwest Haulers, Inc., north on Cedar Avenue in Minneapolis. He

was traveling at a speed of 30 miles per hour as he approached the intersection of Cedar Avenue with 24th Street. Defendant Cook testified that the signal light on Cedar Avenue was green and that as he proceeded into the intersection the signal light turned from green to amber.

The car driven by plaintiff, Bruce Holmboe, was traveling west on 24th Street. At the intersection of 24th Street and Cedar Avenue, plaintiff's car struck the truck in the rear wheels of the tractor and the dollies of the trailer. The car bounced off the truck onto the sidewalk. Plaintiff and his wife, a passenger in the car, suffered head injuries and remembered nothing about the accident.

Plaintiff sued defendants, alleging negligence. Plaintiff's witnesses testified that plaintiff stopped at the intersection while the light was red and proceeded into the intersection only after the signal light turned to green. Defendants' witnesses testified that plaintiff failed to stop and went into the intersection before the light changed. The jury returned a verdict for defendants.

Plaintiff raises two issues on this appeal. First, he contends that the trial court erroneously allowed defendants to cross-examine one of their own witnesses. Second, he contends the trial court should have given an instruction on the reduced speed statute, Minn. St. 169.14, subd. 3.

■ The record reveals that Warren and Daphne Taylor, friends of the plaintiff, were traveling in a car just to the right and a car length behind plaintiff's car when the accident occurred. Mrs. Taylor was called as a witness by plaintiff, but her husband was not. Defendants in presenting their case called Warren Taylor as a witness.

Defendants contended that Warren was a hostile witness. In chambers, defendants stated that they were calling Warren in order to determine how he would testify because he had given two different versions of the accident. The first one was to a police officer at the scene of the accident and was to the effect that plaintiff did not stop for the signal light. The second ver-

sion, stated in his deposition, was to the effect that plaintiff did stop and proceeded into the intersection only after the light changed to green. If Taylor testified as he did when his deposition was taken, defendants proposed to impeach him by producing the police officer he spoke with at the scene of the accident.

The trial court stated that it would first have to be established that Taylor was a hostile witness. After some questioning, the trial court ruled Taylor a hostile witness and allowed defendants to "cross-examine."

We find that the trial court acted within its discretion when it ruled Taylor was a hostile witness. He was a friend of plaintiff and the trial court, observing his demeanor, stated that he was sarcastic and answered the questions with wisecracks.

Rule 43.02, Rules of Civil Procedure, provides that a party may interrogate an unwilling or hostile witness by leading questions. But it is only an adverse party who may be cross-examined, contradicted, or impeached. Rossano v. Blue Plate Foods, Inc. (5 Cir.) 314 F. (2d) 174.

The trial court admitted in its memorandum that it was in error in its use of the phrase "cross-examine." However, it found upon reviewing the record that in fact the examination of Taylor consisted, with one minor exception, of leading questions and that when defendants attempted to impeach Taylor, all of plaintiff's objections were sustained and no testimony impeaching Taylor was admitted. The trial court concluded that no prejudicial error was committed.

We have reviewed the entire record with particular attention to those portions relating to the examination of Taylor and we also find no prejudicial error. The court did mistakenly label the examination of Taylor as cross-examination because as a hostile witness he was only subject to interrogation by leading questions. But the record shows that in fact he was only subjected to such interrogation and the defendants were not allowed to impeach him.

■ The second issue the plaintiff raises is that the trial court should not have refused to instruct under Minn. St. 169.14, subd. 3, that a driver must reduce speed when special hazards exist by reason of weather or highway conditions. The testimony demonstrated that the streets were wet because it had rained earlier but there was no evidence that it was slippery or that the weather or highway conditions in any way contributed to the accident. Where there is no evidence that any of the factors enumerated in § 169.14, subd. 3, is present, it is not error for the court to refuse to instruct on reduced speed. Neal v. Neal, 238 Minn. 292, 56 N. W. (2d) 673.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.